Terrance Devine, Esq
DeGraff, Foy, Kunz & Devine, LLP
90 State Street
Albany, NY 12207

Francis J. Smith, Esq.
Peter Pastore, Esq.
McNamee, Lochner, Titus & Williams
677 Broadway
Albany, NY 12207

Patrick Fitzgerald, Esq.
Girvin & Ferlazzo
20 Corporate Woods Blvd.
Albany, NY 12211

Gerald Katzman, Esq.
106 New Scotland Avenue
Albany, NY 12208

Francis Brennan, Esq.
Nolan & Heller
39 North Pearl Street
Albany, NY 12207

Joseph Zagraniczny, Esq.
Bond, Schoeneck & King
One Lincoln Center
Syracuse, NY 13202

Lewis Clayton, Esq.
Andrew Rosenberg, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1205 Avenue of America
New York, NY 10019

Mark McCarthy, Esq.
Harris, Beach
54 State Street
Albany, NY 12207

Kevin Purcell, Esq.
74 Chapel Street
Albany, NY 12207

Re.:   *In re University Heights Association, Inc.*
       *Chapter 11*
       *Case No. 06-12672*

## LETTER DECISION & ORDER

At a hearing held on January 10, 2007, the court denied the motion filed by the Marty and Dorothy Silverman Foundation (the "Silverman Foundation") seeking an order dismissing the chapter 11 petition of University Heights Association, Inc. ("UHA") pursuant to 11 U.S.C. § 1112(b) due to its alleged bad faith filing or, in the alternative, appointing a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1), (2), or (3). At the conclusion of the hearing, the court indicated it would follow up its oral ruling with this decision setting forth its findings of fact and conclusions of law.

1

BACKGROUND

UHA is a not-for-profit corporation organized under § 201 of the New York Not-for-Profit Corporation Law. Pursuant to its certificate of incorporation, UHA is organized to operate exclusively for the support and benefit of Albany Law School, Albany Medical School, Albany Medical Center Hospital, Albany College of Pharmacy, the Sage Colleges, the Veterans Administration Medical Center Hospital, Parsons Child and Family Center, and the Capital District Psychiatric Center (collectively the "Institutions"). All members of the UHA Board are employees or representatives of the institutions that UHA is designed to serve, including Albany Law School and Albany College of Pharmacy.

UHA filed its first chapter 11 petition on February 13, 2006, prior to the Supreme Court for New York County rendering a decision in an action commenced by the Silverman Foundation against UHA for payment due under certain notes executed by UHA. UHA's first bankruptcy case was dismissed by the court on April 14, 2006. After the dismissal of UHA's first case but prior to the filing of its second case, the State Supreme Court ordered that UHA pay the Silverman Foundation $24,862,568.75. Prior to entry of a judgment, UHA filed its current petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2006. The Silverman Foundation filed its motion to dismiss or, in the alternative, appoint a trustee on October 30, 2006.

MOTION TO DISMISS

The Silverman Foundation argues that UHA's present case should be dismissed as a bad faith filing based upon the following: (1) this case represents a classic two party dispute and one party's attempt to use the Bankruptcy Code to frustrate another's entry and collection of a judgment; (2) UHA has only one asset, its real estate; (2) UHA has no business to reorganize; (3) UHA has few creditors, the majority of which are insiders; and (4) UHA had no realistic means of reorganizing.

2

The Silverman Foundation relies upon *C-TC 9th Ave. Partnership v. Norton Co. (In re C-TC 9th Ave. Partnership)*, 113 F.3d 1304 (2d Cir. 1997), in support of its argument for dismissal. *C-TC*, however, is distinguishable from the case at bar in that *C-TC* involved a two party dispute between the debtor and a secured creditor that could be fully resolved in a non-bankruptcy forum, as well as other indicia of bad faith, including an ineligible debtor, namely a dissolved partnership. While the case at bar may involve a two party dispute, the Silverman Foundation is an unsecured creditor with a liquidated claim, and the issue in this case is essentially one of payment. The focus of this case will be whether there is a reasonable likelihood that UHA will be able to propose a confirmable plan to pay the debt owed to the Silverman Foundation. That being the case, the court believes the motion to dismiss is premature. It would appear that UHA does have assets, income, and employees. UHA asserts it will be able to equitably subordinate the Silverman Foundation's claim pursuant to 11 U.S.C. § 510(c) and put forth a confirmable plan. The court deems it appropriate to allow UHA the opportunity to do so. While it may be appropriate for the Silverman Foundation to seek dismissal of this case at sometime in the future depending on how things play out, at this juncture, the court finds that the Silverman Foundation has not established cause for dismissal pursuant to 11 U.S.C. § 1112(b)(1).

## MOTION TO APPOINT A TRUSTEE

The Silverman Foundation argues in the alternative that if the court is not inclined to dismiss UHA's chapter 11 petition, a trustee should be appointed pursuant to 11 U.S.C. § 1104(a)(1), (2), or (3). The Silverman Foundation argues UHA cannot reconcile its corporate mission of operating exclusively for the support and benefit of its members (the Institutions), with its fiduciary duty as a debtor to maximize value for all creditors. The Silverman Foundation argues further that only an independent fiduciary will be able to analyze UHA's alleged insider claims.

The appointment of a § 1104 trustee is an extraordinary remedy. *In re Ionosphere Clubs,*

3

*Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990)(citation omitted). The movant must prove the need for a trustee by clear and convincing evidence. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). This case presents an unusual situation in that there are no allegations of fraud, dishonesty, incompetence, or gross mismanagement, as is often the case when the appointment of a § 1104 trustee is sought. The Silverman Foundation argues cause under § 1104(a)(1) exists to appoint a trustee based upon the conflict that exists between UHA and its members, as well as the acrimony that exists between UHA and the Silverman Foundation.

The Silverman Foundation relies upon *In re Cajun Electric Power Coop., Inc.*, 191 B.R. 659, (Bank. M.D. La. 1995), *aff'd on rehearing*, 74 F.3d 599 (5th Cir. 1996), in support of its position. The debtor in *In re Cajun Electric Power Coop., Inc.* consisted of an electric cooperative owned by 12 non-profit electric distributors. The court appointed a trustee because it found an actual conflict existed between the debtor, its members, and its creditors. A central issue in *In re Cajun Electric Power Coop., Inc.* was whether the debtor should appeal a ruling that increased its rates charged for electricity. The increased rates benefitted the debtor and its creditors as it translated into greater revenues, but the increased rates were not necessarily beneficial to its members who purchased electricity from the debtor.

In the case at bar, the Silverman Foundation points to UHA's failure to pursue alleged fraudulent conveyance claims with respect to its lease with Albany Law School of approximately two acres and a new academic building, and its lease with Albany College of Pharmacy of a renovated classroom building as evidence of the conflict of interest between UHA and the Institutions. In October 2005, the Silverman Foundation commenced a fraudulent conveyance action is state court seeking to void the leases. UHA takes the position that the leases are not fraudulent.

The leases at issue were entered into approximately 7 years ago. Given the time that has

4

lapsed since the leases were entered into, the Silverman Foundation would need to plead its case under New York Debtor and Creditor Law § 276, which requires evidence of "actual intent" to hinder, delay, or defraud creditors. Here, the leases were approved by UHA's Board, including a representative of the Silverman Foundation, Alan Goldberg. The Silverman Foundation's founder was also aware of the leases. By letter dated November 12, 1999, then Attorney General Spitzer, indicated no objection to UHA's petition to lease all or substantially all of its assets and had no objection to the proposed leases with Albany Law School and the Albany College of Pharmacy. The Attorney General did note, however, that UHA's Amended and Restated Bylaws did not reflect the purposes set forth in its Certificate of Amendment, indicating to the court that UHA's petition was reviewed in its entirely by the Attorney General's office. Pursuant to § § 510 and 511 of New York Not-for-Profit Corporation Law, the New York State Supreme Court by order dated November 12, 1999, authorized UHA to lease portions of the UHA campus to Albany Law School and the Albany College of Pharmacy in accordance with the terms set forth in the leases now under attack. The state court order was not appealed. The Silverman Foundation does not address how the court can overlook the effect of the Attorney General's letter and a final state court order.

The Silverman Foundation also asserts the lease are "sweetheart" deals, that the rents being paid are below market, and the leases contain below market purchase options, but fails to give the court any facts to support its allegations. To the contrary, there is reference that in the Silverman Foundation's fraudulent conveyance state court pleadings, the Silverman Foundation misread the terms of the Albany Law School lease as containing a yearly rental figure rather than a monthly payment amount. Aside from the Silverman Foundation's bald assertions, there is nothing in the record to substantiate the Silverman Foundation's claim that the leases are fraudulent, or to even raise a question of fact necessitating an evidentiary hearing.

While there may be a perception of conflict due to UHA's Board being composed of the

5

Institutions, some of which are also tenants of UHA, the court does not find an actual conflict at his time warranting the appointment of an § 1104 trustee. It would appear that thus far UHA's Board members have acted appropriately by abstaining when a decision would effect their own institution. With respect to UHA's pending motions to assume leases with Albany Law School and Albany College of Pharmacy and convey the leased premises, UHA could have effected those transfers after its first bankruptcy case was dismissed and before its current case was filed, but instead sought approval of this court.

While the court acknowledges acrimony between UHA and the Silverman Foundation, acrimony between a debtor and its largest creditor is not unusual in the bankruptcy arena. The parties, however, have a new playing field, the bankruptcy court, with new rules, namely the Bankruptcy Code and Rules. UHA has definable assets and liabilities. The burden will be on UHA to put forth a confirmable plan providing for the payment of the Silverman Foundation's claim.

The court notes that no other party has joined the Silverman Foundations' request that a § 1104 trustee be appointed. Although the United States Trustee indicated it takes no position with respect to the Silverman Foundation's motion, the court assumes if the United States Trustee perceived a problem, it would make its position known. Similar to the Silverman Foundation's request that UHA's petition be dismissed, there may come a point in this case that the appointment of an examiner or a limited § 1104 trustee may be appropriate, however, the court finds no cause under § 1104(a)(1), or that it would be in the interests of creditors under § 1104(a)(2) for the appointment of a trustee at this juncture. As the court did not find grounds exist to dismiss this case under § 1112, appointment of a trustee under § 1104(a)(3) is not warranted.

Based upon the foregoing, it is hereby

**ORDERED**, that the portion of the Silverman Foundation's motion seeking dismissal of UHA's bankruptcy petition is denied, without prejudice; and it is further

**ORDERED**, that the portion of the Silverman Foundation's motion seeking the appointment of a trustee pursuant to 11 U.S.C. § 1104 is denied, without prejudice.

Albany, New York
Dated: January 22, 2007

Hon. Robert E. Littlefield, Jr.
U.S. Bankruptcy Judge